It is contended on behalf of the defendant that the force of the trespass was spent upon John C. Stanly, and only reached the plaintiffs as an injury in its consequences, and that therefore they are entitled to redress by an action on the case, and not by an action of trespass quare clausum fregit. This is true, if Stanly stood between the parties as tenant of the land.
(441) If Stanly was on the land vested with no rights or clothed with no authority whatever over it, his solitary existence upon it will not vary the rights of the parties nor the remedies by which those rights are to be asserted. It is therefore of importance to ascertain what the legal relative rights of Stanly are. I say legal rights, because we are examining the question in a court of law.
Stanly went into possession of the land by the consent of Blackledge and Jones, agents of the plaintiffs, and no doubt with the concurrence of the plaintiffs themselves. It was understood by all that the plaintiffs were under an obligation to make him a title to the land; but before that title was made he had no legal right either to the land or to the possession of it, which a court of law would notice, except that if an action of trespass was brought against him, he might justify under the license given him to enter, which would also protect his interest in the growing crop. In other respects, after the license to take possession had been countermanded and he had notice to depart, he was, in the view of a court of law, on the land as a stranger, and might be immediately ejected. If he was on the land as a tenant, either from year to year or at will, he had a title to the possession, and that title would be protected by a court of law; he must have six months notice to quit, and unless that notice was given he could not be ejected. Such a possession, under such a tenancy, would support an action of trespass, and while it existed the freeholder or owner of the land could not bring trespass, because, although the freehold was in him, he had not the possession of the land, which, either actual or constructive, is necessary to support the action. When, therefore, there is a possession supported by a legal right in one man, and the freehold or fee simple is in another, the latter cannot maintain trespass quare clausumfregit. So *Page 293 
if A, tenant for years, makes a lease at will to B, and B is ejected, A cannot have this action upon that ouster because although the possession of B is the possession of A, (442) yet the trespass which is complained of must be against the actual possession, and that was in B. 2 Bac. Ab., 423, citing Roll., 3. But a person who is in possession, without any legal right, cannot maintain the action.
I admit that any right which Stanly acquired by taking possession may be asserted by this form of action in a court of law as if a mere positumpedis trespass was committed upon his crop or upon his inclosure. In fact, Stanly is in possession only under an equity, which this Court cannot notice, although in a court of equity he is considered as tenant in fee simple. But this equity does not divest the plaintiffs of that constructive possession which is necessary to maintain this action, especially as Stanly had no special occupancy of the trees on which the trespass was committed. I think the nonsuit should be set aside and a new trial granted.
PER CURIAM. Judgment reversed.